# UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# FLORENCE DIVISION

| | | |
|---|---|---|
| **Johnnie G. Bryant, Jr.,** | ) | **COMPLAINT** |
| | ) | |
| Plaintiff, | ) | Civil Action No. _____ |
| | ) | |
| v. | ) | |
| | ) | **JURY TRIAL** |
| **Trans Union, LLC,** | ) | **DEMANDED** |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

1. This is an action brought by the Plaintiff, Johnnie G. Bryant, Jr., for actual and statutory damages, attorney's fees, and costs for Defendant's violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq,* (hereinafter "FCRA").

## JURISDICTION AND VENUE

2. This Court has Jurisdiction under 15 U.S.C. §1681p and 28 U.S.C. §1331, §1332, and §1367.

3. Venue is proper in the Florence Division because the Plaintiff resides in Marion County and the Defendant transacted business in this division.

## PARTIES

4. The Plaintiff, Johnnie G. Bryant, Jr., is a resident and citizen of the State of South Carolina, Marion County, and is over the age of twenty-one (21) years.

5. Defendant Trans Union, LLC ("Trans Union") is a Delaware corporation registered

to do business in South Carolina with the South Carolina Secretary of State. Defendant Trans Union may be served with process through its registered agent for service of process, The Prentice-Hall Corporation System, Inc., 1703 Laurel St., Columbia, SC 29201. Defendant Trans Union was in all respects and at all times relevant herein doing business in the state of South Carolina.

6. Defendant Trans Union's acts and omissions alleged herein are in violation of the Fair Credit Reporting Act which requires Defendant to follow reasonable procedures to assure maximum possible accuracy of the information concerning the Plaintiff's credit files; and which requires the Defendant to conduct a reasonable re-investigation of disputed information received from the Plaintiff.

7. The Plaintiff alleges that Defendant repeatedly failed to delete and suppress erroneous, false, misleading, or inaccurate information from the Plaintiff's credit file. The Defendant also failed to conduct a reasonable re-investigation of the Plaintiff's disputes.

## FACTUAL ALLEGATIONS

8. On or about February 1, 2011, the Plaintiff received a copy of his Trans Union credit report. On that report, Trans Union incorrectly reported a Florence County judgment, Docket #128282, as belonging to the Plaintiff. Additionally, Trans Union incorrectly reported several accounts as belonging to the Plaintiff: an account with American General Finance, account number ending 4808 ("American General Finance

account"); an account with CitiBank, account number ending 6500 ("CitiBank account"); an account with Midland Credit Management, Inc., account number ending 6121 ("Midland Credit Management account"); an account with CitiFinancial, Inc., account number ending 3922 ("CitiFinancial account"). Trans Union also reported a number of hard inquiries made by Capital One Bank, Wells Fargo Financial and Vision Financial Auto Re. Trans Union also incorrectly reported Antioch Church Road as a previous address for the Plaintiff.

9. On or about February 18, 2011, the Plaintiff sent Trans Union a dispute via certified mail, return receipt requested. In his dispute, the Plaintiff disputed the Florence County judgment, American General Finance tradeline, the CitiFinancial tradeline and the Midland Credit Management tradeline. The Plaintiff also stated that he had never requested credit from Capital One, Wells Fargo or Vision Financial Auto Re. The Plaintiff further disputed having lived at the Antioch Church Rd. address. The Plaintiff provided his full name, Johnnie G. Bryant, Jr, in his dispute as well as his correct address. The return receipt was stamped by Trans Union on February 22, 2011.

10. On or about February 26, 2011, the Plaintiff was denied credit by Sears when he applied for a Sears credit card while making a purchase at the store. The Plaintiff received a letter from Sears which stated that the Plaintiff had been turned down due to "unfavorable credit history", "inquiries for credit", and/or "derogatory public

record references".

11. On or about March 5, 2011, the Plaintiff received the results of Trans Union's alleged re-investigation. After allegedly conducting its mandated re-investigation of the Plaintiff's disputes, Trans Union continued to incorrectly report the CitiFinancial tradeline, the American General Finance Tradeline and the Midland Credit Management, Inc. tradeline. Trans Union also continued to report inquiries made by Capital One Bank, Wells Fargo and Vision Financial Auto Re. Additionally, Trans Union began to report an AFNI negative tradeline, partial account number 102948.

12. On or about March 28, 2011, the Plaintiff sent a second dispute to Trans Union via certified mail, return receipt requested. In his dispute, the Plaintiff once again disputed the American General Finance account, the Midland Credit Management account and the CitiFinancial account. The Plaintiff also once again disputed the inquiries made by Capital One Bank, Wells Fargo and Vision Financial Auto Re. The Plaintiff provided his full name, address and Social Security number to Trans Union. The return receipt was stamped on March 31, 2011.

13. On or about April 6, 2011, the Plaintiff received correspondence from the Defendant in which the Defendant requested the Plaintiff provide it with certain identifying information. In response to said correspondence, the Plaintiff sent Trans Union a copy of his driver's license, Medicare card and Veterans Universal Access Identification card.

14. On or about April 28, 2011, the Plaintiff received notice from GE Money Bank that it would be lowering the credit limit on his Sam's Club Discover card to $2,540. The reason for said deduction was based on information being reported to GE Money Bank by the Defendant.

15. On or about May 11, 2011, the Plaintiff received from Trans Union the results of its alleged re-investigation. After allegedly conducting an re-investigation of the Plaintiff's disputes, Trans Union continued to report the American General Finance account, now being reported as Springleaf formerly AGF, the CitiFinancial account and the Midland Credit Management account. Trans Union also continued to report an AFNI negative tradeline and inquiries from Capital One Bank, Wells Fargo, Vision Financial Auto Re, GEMB/Walmart, Capital One Auto Finance and Regional Adjustment Bureau. Trans Union also reported an incorrect address on Gary Ct. as belonging to the Plaintiff.

16. On or about July 7, 2011, the Plaintiff sent a third dispute to Trans Union via certified mail. The Plaintiff disputed Defendant's reporting of the CitiFinancial account and the Midland Credit Management account. The Plaintiff did not catch the reporting of the American General Finance tradeline as the name had been changed, either by the Defendant or American General Finance, from American General Finance to Springleaf formerly AGF. The Plaintiff also disputed the inquiries made by Capital One Bank, Capital One Auto Finance, Wells Fargo, Vision Financial Auto Re,

GEMB/Walmart and Regional Adjustment Bureau. Finally, the Plaintiff disputed that the Gary Ct. address as not his. The Plaintiff provided his full name and address in his dispute. The return receipt was stamped by Trans Union on July 11, 2011.

17. On or about August 24, 2011, the Plaintiff received the results of Trans Union's alleged re-investigation. Trans Union continued to report the American General Finance account, now reporting as Springleaf formerly AGF, the Midland Credit Management account and the CitiFinancial account.

18. On or about September 28, 2011, the Plaintiff received a letter from his insurance provider, South Carolina Farm Bureau Insurance Companies. In this letter, the Plaintiff was informed by his insurer that his premium had been increased due to negative information on his credit reports.

19. On or about January 19, 2012, the Plaintiff again requested a copy of his Trans Union credit report from the Defendant. With this letter, he enclosed a check for $11.00.

20. On or about January 25, 2012, the Plaintiff received his Trans Union credit report. After reviewing said report, the Plaintiff once again disputed the reporting of the Midland Credit management negative tradeline, account number 853665, and the Springleaf formerly AGF, account number ending 2184, negative tradeline. In his dispute, the Plaintiff provided his full name, address, date of birth, telephone number and Social Security number.

21. On or about March 1, 2012, the Plaintiff received the results the Defendant's alleged

re-investigation into his dispute. The Defendant had deleted the Midland Credit Management account but had now begun to report a Midland Funding negative tradeline as belonging to the Plaintiff. Upon information and belief, Midland Funding, LLC exists under the same corporate umbrella as Midland Credit Management and Midland Funding, LLC does not actually have any employees.

22. The Plaintiff has been forced to spend almost two years of his life sending disputes to the Defendant and having his credit and good name ruined by the false information being reported by the Defendant.

## COUNT ONE
## FAIR CREDIT REPORTING ACT

23. The Plaintiff adopts the averments and allegations of paragraphs 8 through 22 hereinbefore as if fully set forth herein.

24. Defendant Trans Union maintains and distributes credit data files on the Plaintiff's credit. Defendant negligently and willfully violated the provisions of the Fair Credit Reporting Act by failing and refusing to take steps to correct the Plaintiff's credit reports and by failing and refusing to follow reasonable procedures to assure maximum possible accuracy of the Plaintiff's credit file.

25. The Plaintiff further alleges that Defendant repeatedly failed to delete and suppress erroneous, false, misleading, and/or inaccurate information from the Plaintiff's credit file.

26. The Plaintiff further alleges that, on one or more occasions, the Defendant failed to

respond to the Plaintiff's dispute and conduct its re-investigation within the prescribed thirty day time frame.

27. Due to Defendant's negligent and willful failure to comply with the requirements of the Fair Credit Reporting Act, the Plaintiff is entitled to statutory damages.

28. As a result of Defendant's acts and omissions, the Plaintiff has suffered actual and compensatory damages.  The Plaintiff has suffered denial of credit, damage to his credit reputation, mental anxiety, emotional suffering, worry, humiliation and mental distress.  In addition, the Plaintiff has incurred out of pocket expenses, litigation expenses and attorneys' fees which, but for the acts and omissions of Defendant alleged herein, would not have been necessary.  Further, Defendant's acts and omissions were willful and demonstrate a reckless disregard for the Plaintiff's rights. Therefore Defendant Trans Union is liable to the Plaintiff for punitive damages.

## COUNT TWO
## FAIR CREDIT REPORTING ACT

29. The Plaintiff adopts the averments and allegations of paragraphs 8 through 28 hereinbefore as if fully set forth herein.

30. Defendant's acts and omissions alleged herein are in violation of the Fair Credit Reporting Act which requires the Defendant to follow reasonable procedures to assure maximum possible accuracy of the information concerning the Plaintiff's credit file; and which requires the Defendant to conduct a reasonable re-investigation of disputed information received from the Plaintiff. The Fair Credit Reporting Act additionally

requires that the Defendant conduct its re-investigation within thirty days of receiving the Plaintiff's dispute.

31. Defendant repeatedly failed to delete and suppress erroneous, false, misleading, and/or inaccurate information from the Plaintiff's credit file. Defendant also failed to conduct reasonable re-investigations of the Plaintiff's disputes and failed to conduct its alleged re-investigations within thirty days of receiving the Plaintiff's disputes.

32. On more than one occasion the Plaintiff disputed the erroneous information contained on his credit report directly with the Defendant. Defendant did not conduct any re-investigations of the Plaintiff's disputes but simply parroted the information received from furnishers. Defendant also failed to conduct any re-investigations with respect to the Plaintiff's alleged personal information that Defendant was reporting.

33. Despite the Plaintiff's repeated disputes, and in direct violation of the FCRA, the Defendant failed to correct the inaccurate, erroneous, and malicious reporting on the Plaintiff's credit report.

34. Defendant recklessly and wantonly failed to train and supervise its employees, agents, and/or assigns in order to prevent said improper conduct.

35. As a result of the Defendant's recklessness and wantonness, the Plaintiff suffered humiliation, loss of sleep, anxiety, nervousness, physical sickness, physical and mental suffering, pain, and anguish.

## AMOUNT OF DAMAGES DEMANDED

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands a judgment against the Defendant for the following:

A. Statutory and punitive damages from Defendant for its negligent and willful violations of the FCRA;

B. Actual damages from Defendant pursuant to 15 U.S.C. § 1681n(a)(1)(A);

C. Costs and reasonable attorney's fees from Defendant pursuant to 15 U.S.C. §1681n(a)(3); and

D. For such other and further relief as the Court may deem just and proper.

/s/ Penny Hays Cauley
Penny Hays Cauley, Fed ID #10323
Attorney for Plaintiff

**OF COUNSEL:**
HAYS CAULEY, P.C.
549 West Evans Street, Suite E
Florence, SC 29501
(843) 665-1717
(843) 665-1718 Facsimile
phc917@hayscauley.com

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY ON ALL COUNTS**

/s/ Penny Hays Cauley
Penny Hays Cauley

**DEFENDANT TO BE SERVED VIA CERTIFIED MAIL:**
Trans Union, LLC
c/o - The Prentice-Hall Corporation System, Inc. - registered agent
1703 Laurel St.
Columbia, SC 29201